UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 25-cv-11882

Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 9, 13)**

## I.    Introduction

Plaintiff Christopher B. appeals a final decision of defendant

Commissioner of Social Security (Commissioner) denying his application

for supplemental security income (SSI).  Both parties filed summary

judgment motions and consented to the undersigned conducting all

proceedings under 28 U.S.C. § 636(c).  ECF No. 7; ECF No. 9; ECF No.

13.

After a hearing below, during which plaintiff and a vocational expert

(VE) testified, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of polyneuropathy and rostral vermis syndrome.  ECF No. 6-1, PageID.35.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id.*, PageID.36.

3. Plaintiff had the residual functional capacity (RFC) to perform light work except:  "stand and walk for 2 hours in an 8-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; never balance (as defined by the DOT and SCO); occasionally stoop, kneel, crouch, and crawl; never work at unprotected heights; never work near moving mechanical parts; and requires an assistive device for ambulation."  *Id.*, PageID.36.

Relying on the testimony of the VE, the ALJ found that there were jobs in significant numbers that plaintiff could perform, including positions as assembler, office helper, and inspector.  *Id.*, PageID.41.

## II.    Analysis

## A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such

> relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court grants plaintiff's motion for summary judgment and denies the Commissioner's motion.

**B.**

The ALJ found that plaintiff has the RFC to perform a restricted range of light work, limiting his standing or walking to "2 hours in an 8-hour workday."  ECF No. 6-1, Page.36.  Plaintiff asserts that an RFC for light work is internally inconsistent with a limitation to standing or walking for two hours in a workday.  The Court agrees.

3

"Light work involves lifting no more than 20 pounds at a time with *frequent* lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b) (emphasis added).  "'Frequent' means occurring from one-third to two-thirds of the time.  *Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday*."   SSR 83-10, 1983 WL 31251, at *6 (emphasis added).  As *Wilkerson v. Comm'r of Soc. Sec.*, observed, many courts have ordered remand "because of the internal inconsistency in concluding that a claimant could generally perform light work based on strength requirements, but was unable to perform even the minimum standing/walking requirement for light work, which would necessarily mean that the claimant could not meet the strength requirements either."  278 F. Supp. 3d 956, 971 (E.D. Mich. 2017).

Plaintiff argues that the ALJ's error is especially problematic because, if he were limited to sedentary work, "the Medical-Vocational Guidelines would direct a disability finding as of his 50th birthday, because his past unskilled work provided no transferable skills to any sedentary jobs."  ECF No. 9, PageID.606.  "Sedentary work involves lifting no more than 10 pounds at a time and *occasionally* lifting or carrying articles like docket

4

files, ledgers, and small tools…Jobs are sedentary if walking and standing are required *occasionally* and other sedentary criteria are met." § 416.967(a) (emphasis added).  "Occasionally" means that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday."  SSR 83-10, 1983 WL 31251, at *5.  As noted, lifting and carrying involve being on one's feet.  *Id*. at *6.  So if plaintiff can stand or walk for only two hours in a workday, that means that he can lift or carry only for the same period.  Thus, plaintiff can only "occasionally" stand or walk and only "occasionally" lift or carry, placing him within the sedentary range.  § 416.967(a).

The Commissioner argues that, because the RFC falls between the light and sedentary exertional levels, the ALJ properly called a VE to testify at the hearing.  ECF No. 13, PageID.621.  If plaintiff's RFC fell in the middle of light and sedentary levels, the Commissioner's reliance on VE testimony would have carried weight.  As explained by *Wilkerson*:

> If a claimant's RFC falls between two levels for which the grids direct opposite findings, the ALJ must consider whether the claimant is slightly or significantly reduced in his or her ability to perform at the higher exertional level. [*Ford v. Colvin,* 2015 WL 4608136, at *7 (D. Del. July 31, 2015) (citing SSR 83–12, 1983 WL 31253, at *2]; *see also* POMS DI 25025.015.  If the claimant's ability is slightly reduced, the ALJ should apply the higher exertional level and find the claimant not disabled.  *Id.* (citing POMS DI 25025.015).  If the claimant's ability is significantly reduced, the ALJ should apply the lower exertional

5

level and find the claimant disabled.  *Id.*  In situations where the claimant's ability is somewhere "in the middle," Agency policy advises using a vocational expert.  *Id.*  (citing SSR 83–12, at *3).

278 F. Supp. 3d at 969.  But here, the RFC did not fall in the middle of the exertional levels and the VE's testimony did not rectify the RFC's internal inconsistency.

Like here, the ALJ in *Wilkerson* assessed an RFC for light work but limited the claimant to two hours of standing or walking in a workday.  *Id*. The *Wilkerson* court found the RFC problematic because, logically, the plaintiff could perform neither the minimum walking/standing nor lifting required for light work.

> First, the ALJ's analysis assumes that plaintiff's RFC actually falls somewhere "in the middle" of a sedentary RFC and a light RFC.  Yet, the two most significant defining characteristics of these two categories of work are (1) the amount and duration a claimant can lift/carry in an 8 hour work day; and (2) the amount of time in an 8 hour work day that a claimant can stand and walk.  Sedentary work involves lifting/carrying no more than 10 pounds, occasionally, meaning up to 1/3 of the work day; in other words, someone with a sedentary classification may be on their feet up to 2.67 hours per day, and may not lift or carry more than 10 pounds in that time limit.  Light work involves lifting no more than 20 pounds at a time with frequent (1/3 to 2/3 of an 8 hour work day) lifting or carrying of objects weighing up to 10 pounds.  Thus, someone who can perform light work must be able to lift and carry 10 pounds for 2.67–5.33 hours per day.  By logical extension, light work requires a person to be on their feet for 2.67–5.33 hours in a day, while lifting and carrying up to 10 pounds in that time.  *See* SSR 83–10, *5 ("lifting or carrying requires being on one's feet.").  Yet here, the ALJ

found that plaintiff could only walk/stand for up to 2 hours per day.  Thus, not only is plaintiff unable to perform the minimum walking/standing requirement for light work, she also cannot meet the minimum lifting and carrying requirements for light work.  Secondly, in the view of the undersigned, it is not clear that the ALJ considered this limitation before apparently determining that plaintiff's RFC fell "in the middle" of sedentary and light.

*Wilkerson*, 278 F. Supp. 3d at 970.

The VE's testimony does not clarify the RFC's internal inconsistency. The ALJ asked the VE to assume a hypothetical person at the light range but who was limited to standing or walking for two hours out of an eight-hour workday.  ECF No. 6-1, PageID.73.  The ALJ included no lifting or carrying limitations beyond that assumed for light work.  *Id*.  In fact, when addressing the hypothetical, the VE described light work as involving "lifting or standing more than two out of eight hours."  *Id*, PageID.74.  He then identified jobs "at light [exertional level] that allow for sitting throughout the day."  *Id*., PageID.74.  But the VE failed to explain how a claimant could lift or carry at a light-exertional level (1/3 to 2/3 of the workday) while "sitting throughout the day."  *Id.*

If the VE meant that the identified jobs would also involve lifting and carrying for only two hours a day, he did not say so.  *See Elias v. Comm'r of Soc. Sec*., No. 17-14033, 2019 WL 1415489, at *8 (E.D. Mich. Jan. 26, 2019) ("Without this explicit acknowledgment, it appears that the ALJ

7

believes that [plaintiff] can lift or carry up to 10 pounds for 1/3 to 2/3 of a work day—an action necessarily requiring standing or walking during those hours—while standing or walking for no more than two hours in a day, or less than 1/3 of a workday.  These weight lifting and standing/walking conclusions are inconsistent."). And neither the VE nor the ALJ explained how a job that involves standing and lifting no more two hours a workday classifies as light rather than sedentary work.  As *Wilkerson* noted, "[T]he two most significant defining characteristics of these two categories of work are (1) the amount and duration a claimant can lift/carry in an 8 hour work day; and (2) the amount of time in an 8 hour work day that a claimant can stand and walk."  278 F. Supp. 3d at 970.

Thus, the VE's testimony fails to provide substantial evidence supporting the RFC.

## C.

Plaintiff asks this Court to remand his claim for further proceedings or "alternatively reverse this matter for an award of benefits if appropriate." ECF No. 9, PageID.606.  Plaintiff does not address his request for an award of benefits further.  Ordinarily, when an ALJ has committed reversible error, remand for further consideration is favored over an award of benefits unless there is no conflicting evidence about the severity of the

claimant's impairments.  *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  The Court concludes that remand for further proceedings is appropriate here.

## III.    Conclusion

The Court: (1) **DENIES** the Commissioner's motion (ECF No. 13); (2) **GRANTS** plaintiff's motion (ECF No. 9); and (3) **REMANDS** this case to the ALJ for further proceedings under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 25, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 25, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
